Donald SUTTON, Petitioner-Appellant,

v.

Clarence JONES and Henry Wade,
Respondents-Appellees.

No. 31060

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 11, 1971.

Donald Sutton, pro se.

John B. Tolle, Asst. Dist. Atty., Henry Wade, Crim. Dist. Atty., Dallas, Tex., for respondents-appellees.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The appellant filed a petition in the district court seeking to enjoin his prosecution by the State of Texas for the offense of robbery by firearms, and seeking his release from state custody. He contended that he would be subjected to double jeopardy if he were tried on the robbery charge, since he had previously been acquitted of the offense of assault with intent to murder a police officer, and both indictments arose from the same transaction.

The district court denied relief, holding that the court was without jurisdiction to enjoin the state criminal prosecution on authority of the federal anti-injunction statute, 28 U.S.C. § 2283. The court also held that the appellant's application for federal habeas relief was premature because he had failed to exhaust his available state remedies.

The appellant has now filed a brief in this Court in which he states that he was convicted on February 5, 1971 of the robbery charge. Therefore his appeal from the district court's denial of injunctive relief is now moot. The appellant's allegations concerning the illegality of his conviction will not be adjudicated upon this appeal, since they

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F. 2d 409, Part I.

have not been presented to his state courts either upon direct appeal or by collateral attack. Ector v. Smith, 5th Cir. 1971, 438 F.2d 975; Harrison v. Wainwright, 5th Cir. 1970, 424 F.2d 633; Taylor v. Beto, 5th Cir. 1968, 392 F.2d 566.

The order of the district court denying habeas and injunctive relief is affirmed.

Affirmed.